**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frederick Angus Miller, Jr., <br>     Plaintiff, <br> v. <br> Unknown Gordan, <br>     Defendant. | No. CV-21-01867-PHX-DGC (ESW) <br><br> **ORDER** |

Plaintiff Frederick Miller is an inmate at the Arizona State Prison Complex-Tucson. He brought this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. The complaint alleges excessive force in violation of the Eighth Amendment. *Id.*

Plaintiff filed a motion for "assistance in inspection." Doc. 39. Defendant filed a motion for an extension of time to respond to the motion. Doc. 41. Magistrate Judge Eileen Willett granted Defendant's motion. Doc. 52. Plaintiff has filed an objection. Doc. 63. For reasons stated below, the Court will affirm Judge Willett's order.

**I.  Legal Standard.**

Under Federal Rule of Civil Procedure 72(a), a magistrate judge can "hear and decide" non-dispositive pretrial matters. Upon timely objection, a district court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) ("District courts review magistrate judges' pretrial orders under a 'clearly erroneous or contrary to law' standard.") (quoting Fed. R. Civ. P. 72(a)). "A magistrate judge's factual

findings or discretionary decisions are 'clearly erroneous' when the district court is left with the definite and firm conviction that a mistake has been committed." *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021) (citing *Sec. Farms v. Int'l Bhd. Of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). An order is "contrary to law" if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (citations omitted).

## II.  Discussion.

In his motion, Plaintiff asked that the U.S. Marshal be ordered to assist him in photographing and inspecting video surveillance of areas within the prison facility. Doc. 39 at 1. The motion was mailed on June 15, 2022, and the Court received and electronically filed it on June 21, 2022. *Id.* Under the prison mailbox rule, the response deadline was calculated using the June 15 mailing date and set for July 5. *See* Doc. 41 at 1. After receiving a copy of the motion in the mail on June 22, Defendant moved to extend the deadline for 14 days or "no later than July 19, 2022." *Id.* at 2.[1] Defendant argued that the weeklong delay in receiving the motion in the mail and recent departures causing higher than normal caseloads in the attorney general's office made more time to "properly investigate and respond to Plaintiff's [m]otion" necessary. *Id.* at 1. Defendant also argued that the delay would cause no prejudice to Plaintiff and that the request was made out of necessity, not to delay the proceedings. *Id.*

On July 15, 2022, Judge Willett granted Defendant's motion "for good cause shown." Doc. 52 at 1. Defendant filed its response to Plaintiff's motion on July 19.

---

[1] The Court notes that Defendant's motion concludes by requesting an extension of the "deadline for dispositive motions" for 14 days or no later than July 19. Doc. 41 at 2. This appears to be a typographical error because the motion discusses only the response deadline to Plaintiff's motion and Judge Willett's scheduling order sets out a dispositive motion deadline of September 13. *See* Doc. 16 at 4. Judge Willett's order grants an extension only for Defendant's response to Plaintiff's motion and makes no mention of extending dispositive motion deadlines. *See* Doc. 52. Plaintiff's objection to Judge Willett's order repeatedly argues that the deadline for "disposition" motions should not be extended. *See* Doc. 63. It therefore appears that a mistaken belief that Judge Willett granted an extension for the filing of dispositive motions may have motivated Plaintiff's objection. The Court thus notes, for clarity's sake, that Judge Willett has not granted any such extension.

Doc. 53.  The response argued that Plaintiff's motion should be considered a request for production and that he had already served discovery requests regarding video footage of the incident underlying his suit.  *Id.* at 1.  The response also noted that Plaintiff's request in the motion for photographs of specific locations was a new request not covered by his prior requests for production.  *Id.* at 2.  "In the interest of judicial economy," Defendant served a response to this request contemporaneously with its response to the motion.  *Id.*; *see also* Doc. 54.  On August 2, 2022, Judge Willett denied Plaintiff's motion.  Doc. 64.

Plaintiff objects to Judge Willett's extension of Defendant's deadline for response to his motion.  Doc. 63.  He argues that Defendant had adequate time to investigate and file a response to his motion, that any delay in Defendant's receipt of the motion was not under his control, and that increased case load in the attorney general's office does not justify an extension of time.  *Id.* at 1-2.

The decision to grant an extension of time is discretionary and may be granted "for good cause."  Fed. R. Civ. P. 6(b).  Judge Willett granted Defendant an extension of time for good cause shown, and the Court cannot conclude that doing so was clearly erroneous or contrary to law.  Plaintiff does not articulate any prejudice he suffered because of the extension.[2]  In short, "the Court is not 'left with the definite and firm conviction that a mistake has been committed.'"  *Gibson v. Flores*, No. 3:18-cv-00190-MMD-WGC, 2020 WL 223613, at *3 (D. Nev. Jan. 15, 2020) (affirming magistrate order granting extension of time for good cause shown).

**IT IS ORDERED** that Judge Willett's order granting the government an extension of time (Doc. 52) is **affirmed**.

Dated this 16th day of August, 2022.

David G. Campbell
Senior United States District Judge

---

[2] Plaintiff's objection asserts that the extension of time "impedes [his] right to a speedy trial."  Doc. 63 at 1.  But a two-week extension will not meaningfully delay his case.

- 3 -