# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frederick Angus Miller, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Unknown Gordan, <br><br> Defendant. | No. CV-21-1867-PHX-DGC (ESW) <br><br> **NOTICE AND ORDER FOR SETTLEMENT CONFERENCE** |

This case has been referred to United States Magistrate Judge Deborah M. Fine to conduct a Settlement Conference.

## ALL PARTIES MUST READ AND COMPLY WITH
## THE INSTRUCTIONS OF THIS ORDER

The purpose of the Settlement Conference is to facilitate voluntary settlement of the case. The Settlement Conference will be conducted in a manner that will not prejudice any party in the event a settlement is not reached. Rule 408, Federal Rules of Evidence, applies to all aspects of the Settlement Conference. All communications and information exchanged (including Settlement Conference Memoranda) in and during the settlement conference process is not otherwise discoverable, will not be admissible in evidence for any purpose, and shall not be used for any purpose outside the Settlement Conference itself. At the conclusion of the Settlement Conference, all documents submitted and exchanged by the parties shall be returned, destroyed, or otherwise disposed of in the manner directed by the Settlement Judge upon the request of any party. Although the Court recognizes that

there are exceptions to the confidentiality of the communications referenced above,[1] a party must seek permission from the Court in advance before dissemination of such confidences. There shall be no recording by any means (not by video, audio, or photo) of the settlement conference or any portion thereof without express prior Court permission.

This Order mandating the parties' corporate representatives' and insurers', if any, appearance is intended to increase the efficiency and effectiveness of the Settlement Conference by reducing the time for communication of offers, expanding the ability to explore the varied options for settlement, giving the adverse parties the opportunity to hear the rationale and arguments regarding the likelihood of success of the claims/defenses directly from the lawyers who will be trying the case, meeting the litigants themselves, and hearing first-hand the candid comments, if any, made by the Settlement Judge about the case and/or the judicial process. The appearance of those individuals with the authority to settle cases substantially increases the likelihood of settlement and leads to more meaningful negotiations.

Consequently, pursuant to the authority granted to the Court in, *inter alia*, 28 U.S.C. § 473(b)(5) and Rule 16(b), Fed. R. Civ. P., the parties and representatives of the parties with "full and complete authority"[2] to discuss settlement of the case **SHALL** appear at the date and time of the Settlement Conference unless expressly excused by the undersigned by timely motion and order issued prior to the subject Settlement Conference for good cause shown. *In re Novak*, 932 F.2d 1397, 1407 (11th Cir. 1991) (concluding that district courts have inherent power to direct parties to produce individuals with full settlement authority at pretrial settlement conferences).

---

[1] *See Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011).

[2] "Full and complete authority" within this Order means that the individual appearing for, or on behalf of, the Defendant has the express authority and discretion to authorize the payment to, or accept the terms of, Plaintiff's last settlement demand. "Full and complete authority" does not mean, however, that Defendant or representative is required to pay such demand or any sum whatsoever. *Kothe v. Smith*, 771 F.2d 667, 669 (2d Cir. 1985) (Rule 16 "was not designed as a means for clubbing the parties-or one of them-into an involuntary compromise."); *In re Novak*, 932 F.2d at 1406 n. 18.

**IT IS ORDERED:**

1. Telephonic Status Conference is set on **Friday, July 28, 2023, at 10:30 a.m.** before United States Magistrate Judge Deborah M. Fine. **Counsel will receive dial-in instructions via separate electronic communication.** Counsel who will participate in the Settlement Conference shall participate in the Telephonic Status Conference, which the Court usually conducts on the record.

At the Telephonic Status Conference, the Court will discuss the manner in which this Magistrate Judge conducts Settlement Conferences. Requests to excuse a party from appearance at the Settlement Conference may be made at or before the Telephonic Status Conference. Requests for additional persons (besides counsel of record and named parties) to attend the Settlement Conference shall be made at the Telephonic Status Conference. Requests for attending only part of the settlement conference will rarely be granted and shall be made at the Telephonic Status Conference. It is preferable if counsel discuss attendance matters with each other in advance of the Telephonic Status Conference.

2. All parties and their counsel of record who are responsible for the case **SHALL** appear before the undersigned Settlement Judge **via video-teleconference "hosted" by the Court on August 22, 2023, at 1:15 p.m.**

3. All participants shall participate in a manner and from a location where communications cannot be heard by non-participants.

4. There shall be no recording by any means (not by video, audio, or photo) of the settlement conference or any portion thereof without express prior Court permission.

5. If any participant is not fluent in English, a professional interpreter must be retained by the participant or the participant's counsel and used by the participant throughout the settlement conference. The Court will not provide or pay for an interpreter. A bilingual friend, family member, or staff-member of counsel's office is not sufficient.

6. If the Defendant is an insured party, a representative of that party's insurer, with full and complete authority to discuss and settle the case, **SHALL** appear at aforesaid date and time. An uninsured or self-insured corporate party **SHALL** appear at aforesaid

Settlement Conference through its authorized representative with full and complete authority to discuss and settle the case. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), *amended by* 2003 WL 23353478 (D. Ariz. Oct. 3, 2003); *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001) (district judge acted well within his discretion by imposing a monetary fine payable to the Clerk of the District Court as a sanction for failing to prepare requested memorandum and deciding to send a corporate representative to ADR conference with limited authority); *Lockhart v. Patel*, 115 F.R.D. 44 (E.D. Ky. 1987) (in medical malpractice action, answer stricken for failure of insurance representative with authority to settle to appear at settlement conference).

7. Settlement conferences are often unproductive unless the parties have exchanged settlement demands and compromise offers before the conference and have made a serious effort to settle the case on their own. Accordingly, before arriving at the Settlement Conference, the parties shall make good faith efforts to settle the case without the involvement of the Court.

8. If a third person or entity asserts a lien on any settlement monies for medical and hospital expenses and/or lost wages paid, such as a worker's compensation carrier or a health insurance carrier, in advance of the Settlement Conference, counsel shall contact the third person or entity and obtain current information regarding the lien.

9. In the absence of a prior order by the undersigned to the contrary, copies of all Settlement Conference Memoranda shall be exchanged (unless otherwise ordered by the Court on motion of a party) between counsel, at least **five (5) business days before the Settlement Conference**. Counsel shall provide a copy of all memoranda to their client(s) for review prior to the Settlement Conference and shall explain the Settlement Conference procedures to their clients before the Settlement Conference.

10. Each party shall provide the Court with the original of that party's Settlement Conference Memorandum, **at least five (5) business days before the Settlement Conference**. The Settlement Conference Memoranda shall **NOT** be filed with the Clerk. The original Settlement Conference Memoranda shall be delivered directly to the chambers

of U.S. Magistrate Judge Deborah M. Fine or e-mailed to the undersigned's chambers mailbox (fine_chambers@azd.uscourts.gov).³ If a party's memorandum with exhibits exceeds twenty-five (25) pages (*see* paragraph #11 for page limits), a hard copy must be received by chambers **at least five (5) business days before the Settlement Conference**. Audio/video exhibits shall be submitted to chambers on a dvd or flash drive **at least five (5) business days before the Settlement Conference and shall be in WMV or MP4 file formats**.⁴ Each memorandum shall address the following:

    a. A brief statement of the facts of the case.

    b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded, including the citation to appropriate authorities; the reasonable damages allegedly incurred by Plaintiff and, if appropriate, Counterclaimant(s); a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c. A brief summary of the proceedings to date, including rulings on motions and motions outstanding, if any.

    d. An estimate of the costs and time to be expended for further discovery, pretrial and trial, including past and future attorneys' and experts' fees.

    e. A brief statement of the facts and issues upon which the parties agree and disagree.

    f. Whether there is/are any distinct or dominant issue(s) which, if resolved, would likely aid in the disposition of the case.

    g. The relief sought.

    h. **Each party's position on settlement**, including the amount that the Plaintiff is currently willing to accept and Defendant is willing to offer and the history of past settlement discussions, offers, and demands.

---

³ This mailbox is not to be used as a general means of communication to the Court or its staff.

⁴ Counsel is advised that the Court is only able to play videos in the form of WMV or MP4 files without installing additional software. Any audio/video exhibits submitted to the Court shall be in the form of WMV or MP4 files.

    i. Any objection to the procedure of separate and private caucuses with each party, the parties' representatives and the Settlement Judge during the Settlement Conference.

11. Absent prior Order of the Court, each party's Settlement Conference Memorandum shall not exceed fifteen (15) pages exclusive of attachments and shall otherwise comply with LRCiv 7.1 and 7.2, Rules of Practice for the United States District Court for the District of Arizona. Exhibits are not necessary and are limited to twenty-five (25) pages. No responsive memorandum shall be permitted.

12. If there are any particular or special settlement agreement provisions that a party will require in the settlement agreement, it is helpful if those provisions are in the settlement conference memorandum.

    a. For purposes of executing a complete, final written agreement at an in-person settlement conference, counsel who will be responsible for initial drafting of the settlement agreement shall bring to the settlement conference a laptop computer and a flash drive. Counsel who will be responsible for initial drafting shall bring an electronic copy of a draft settlement agreement.

    b. For purposes of finalizing a settlement agreement in a video-teleconference settlement conference, counsel who will be responsible for initial drafting of the settlement agreement shall have at the settlement conference an electronic copy of a draft settlement agreement.

13. Complete candor with the Court is required.

14. Absent good cause shown, if any party, counsel, or insurer's representative fails to promptly appear at the Settlement Conference, fails to comply with the terms of this Order, including the failure to timely provide the Settlement Conference Memorandum, is substantially unprepared to meaningfully participate in the Settlement Conference, or fails to participate in good faith in the Settlement Conference, the Settlement Conference may be vacated and sanctions may be imposed pursuant to Rules 16(f) and 37(b)(2)(B) and (C), Federal Rules of Civil Procedure, which may include the

entry of default judgment, dismissal of the Complaint, and/or an award of reasonable attorney's fees and expenses and/or a finding of contempt. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989); *Lockhart v. Patel, supra.; Nick v. Morgan's Foods, Inc., supra.*

15. If the parties settle this matter before the settlement conference, a Notice of Settlement shall be filed promptly and no later than 5:00 p.m. on the business day before the Settlement Conference. Counsel must email the undersigned's chambers (fine_chambers@azd.uscourts.gov) promptly after filing the Notice of Settlement. Absent timely filing of the Notice of Settlement, the Conference will proceed as scheduled.

Dated this 18th day of May, 2023.

_____
Honorable Deborah M. Fine
United States Magistrate Judge