WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frederick Angus Miller, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Unknown Gordan, <br><br> Defendant. | No. CV-21-1867-PHX-DGC <br><br> **ORDER** |

    Plaintiff Frederick Miller, Jr. is an inmate at the Arizona State Prison Complex-Tucson. In November 2021, he filed a civil rights action under 42 U.S.C. § 1983. Doc. 1. The complaint asserts an Eighth Amendment excessive force claim against Defendant Gordon, a former corrections officer for the Arizona Department of Corrections, Rehabilitation and Reentry ("ADCRR"). *Id.* Plaintiff now moves for leave to amend the complaint to add additional claims and defendants under Federal Rule of Civil Procedure 15. Doc. 132. The motion is fully briefed and neither party requests oral argument. Docs. 134, 135. For reasons set forth below, the Court will deny Plaintiff's motion.

**I.**    **Background.**

    Acting pro se, Plaintiff filed a complaint on November 4, 2021. The complaint alleges that he was assaulted by Defendant Gordon while being moved from a recreation cage. He claims that while cuffed, he was hit on the right side of the head from behind. When Plaintiff regained consciousness, he was awaiting medical evaluation. He has since suffered headaches, hearing loss, and visual impairment. Docs. 1 at 3, 132-1 at 10-11. The

1

complaint asserts one claim of excessive force in violation of the Eight Amendment. Doc. 1 at 3. The case proceeded through discovery and motion practice for two years, with Plaintiff continuing to assert this theory of his case. *See* Doc. 132 at 1-2. In May 2023, the Court denied Defendant's motion for summary judgment. Doc. 96.

In December 2023, the Court appointed pro bono counsel to represent Plaintiff at trial and, at new counsel's request, allowed sixty days of additional limited discovery. Docs. 114, 118. During this period, Plaintiff requested investigative reports from Defendant that had not previously been disclosed. Defendant produced the reports on March 4, 2024 under an Attorney Eyes Only designation. Two days later, Plaintiff's counsel informed the Court of the newly received discovery and requested that Plaintiff be allowed to amend his complaint to incorporate information obtained from the disclosures. Doc. 129. Defendant objected, and the Court instructed Plaintiff to move for leave to amend his complaint. *Id.*; Docs. 130, 131.

Plaintiff's counsel also received a letter during this time from Plaintiff's former cellmate, Cortez, indicating that he would like to discuss Plaintiff's assault. On March 15, 2024, Plaintiff's counsel spoke with Cortez, who reportedly offered additional information about the events surrounding the assault. Doc. 132 at 3-4.

On March 20, 2024, Plaintiff filed his motion for leave to amend, attaching a proposed First Amended Complaint ("FAC"). Docs. 132, 132-1. The FAC alleges that Defendant Gordon and eight other ADCRR corrections officers conspired to have Cortez assault Plaintiff in retaliation for Plaintiff exposing himself to female staff and throwing bodily fluids on another corrections officer. Doc. 132-1 at 11. Plaintiff asserts that the officers asked Cortez to attack Plaintiff repeatedly, and spit tobacco juice in Cortez's food when he did not comply. *Id.* at 7-8. Plaintiff alleges that on the day of his assault, Defendant Gordon again asked Cortez to attack Plaintiff and Cortez complied so harassment by the officers would cease. *Id.* at 9. Plaintiff alleges that after being led from the recreation cage and back into his cell, Cortez hit him, knocking him into a wall and rendering him unconscious. He maintains that Defendant's internal reports surrounding

1 the assault were written to conceal the conspiracy, and instead were made to look like
2 Plaintiff assaulted Cortez, despite the officers never processing a disciplinary report against
3 Plaintiff for the incident. *Id.* at 10-12. Plaintiff acknowledges that he recalls being hit from
4 behind while leaving the recreation cage, but asserts that he was unaware of the true version
5 of events because he had been rendered unconscious during the assault. *Id.* at 10-11.
6 Plaintiff seeks to add this factual background to the complaint, add a claim for conspiracy,
7 and assert all counts against Defendant Gordon and eight new defendant correctional
8 officers. *Id.* at 12-16.

## II. Legal Standards.

Rule 15(a) makes clear that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts must review motions to amend in light of this strong policy in favor of amendment. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986). The Court may deny leave to amend where there is futility of the proposed amendment, undue delay or bad faith on the part of the moving party, or undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend may be denied based on futility alone. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). To assess futility, a court necessarily evaluates whether relief may be available on the merits of the proposed claim. *Caswell v. Calderon*, 363 F.3d 832, 837-39 (9th Cir. 2004). If the proposed claims are untimely, unexhausted, or otherwise fail as a matter of law, amendment should be denied.

## III. Discussion.

Defendant asks the Court to deny Plaintiff's motion to amend because it is (1) futile, (2) the product of undue delay, (3) brought in bad faith, and (4) unduly prejudicial to Defendant. Doc. 341 at 5; *see Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). After considering the applicable law and the proposed FAC, the Court will deny Plaintiff's motion as futile. In light of this conclusion, the Court need not address the other possible grounds for denying amendment.

Defendant asserts that the proposed amendment would be futile because the statute of limitations on the claims has run and no exemption to the statute of limitations applies. Doc. 134 at 11-13. Because 42 U.S.C. § 1983 does not contain its own limitations period, federal courts "borrow the statue of limitations for § 1983 claims applicable to personal injury claims in the forum state." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In Arizona, the limitations period for personal injury claims is two years. A.R.S. § 12-542; *see Byrd v. McKinney*, 787 F. App'x 979 (9th Cir. 2019). Because Plaintiff's proposed FAC alleges that he was assaulted on August 4, 2021, claims filed after August 4, 2023 are time barred unless an exception applies. Plaintiff's amended claims would be asserted for this first time after this date.

Plaintiff asserts that his claims are not time barred because they "relate back" to the date when his original complaint was filed. Docs. 132 at 4, 135 at 10-11. Rule 15 provides, in pertinent part, that an amendment relates back when:

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(B)-(C).

"Claims arise out of the same conduct, transaction, or occurrence if they share a common core of operative facts such that the plaintiff will rely on the same evidence to prove each claim." *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) (citations omitted). "[A] plaintiff need only plead the general conduct, transaction, or occurrence to preserve its claims against a defendant. The exact contours of those claims – the facts that will ultimately be alleged and the final scope of relief that will be sought – can and should

4

be sorted out through later discovery and amendments to the pleadings." *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1006 (9th Cir. 2014). But an amendment will not relate back where the amended complaint "had to include additional facts to support the [new] claim." *Echlin v. PeaceHealth*, 887 F.3d 967, 978 (9th Cir. 2018) (quoting *id.* at 1133); *see* 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary*, Rule 15, at 486 (2023) ("[R]elation back . . . is not authorized when the new claims . . . are based on factual allegations that were not part of the narrative in the earlier pleading and that significantly change – rather than just augment or amplify – the 'core of operative facts' in the case.").

The Court concludes that the amended claim and new claim against Defendant Gordon, and the new claims asserted against new defendants, all rely on new facts. Plaintiff's conspiracy claim (the new count two) alleges for the first time that nine corrections officers conspired to harass Cortez into assaulting Plaintiff, that the officers harassed Cortez by spitting in his food, that they did so to retaliate against Plaintiff, and that they eventually succeeded in causing Cortez to assault Plaintiff. Doc. 132-1 at 13-14. None of these facts is included in the original complaint. Doc. 1. The Court cannot accept Plaintiff's assertion that these allegations "do not present an entirely different event or set of facts" when nothing in the original complaint suggested that Plaintiff's assault was part of a larger conspiracy to retaliate against him. Doc. 135 at 11. Plaintiff relies on newly added facts to support his conspiracy claim — his original complaint alleges only that he was assaulted by Defendant Gordon.

The original complaint does assert an Eighth Amendment excessive force claim in count one, but the amended count one alleges an entirely different theory of how Plaintiff was assaulted. The original claim simply alleges that Defendant Gordon hit Plaintiff when leaving the recreation cage. Doc. 1. The amended claim alleges a broader series of events and an entirely different location and form of assault — multiple corrections officers working together to cause Cortez to assault Plaintiff in his cell. Plaintiff suggests that these new facts only "augment" the core operative facts in the original complaint because the

amended complaint still alleges Defendant Gordon orchestrated the excessive force assault. Doc. 135 at 11. But the fact that Defendant Gordon remains a central figure is not sufficient to meet the standard of Rule 15(c)(1)(B). The amended complaint does not merely add "contours" to the original complaint; it sets out an entirely new theory of Plaintiff's case. *See, e.g.*, *Walters v. California Dep't of Corr. & Rehab.*, No. 2:17-cv-2393, 2018 WL 341792 at *12 (E.D. Cal. Jan. 9, 2018) (finding no relation back where Plaintiff's amended complaint suggested officers were deliberately indifferent to her inmate brother's suicide, when original pleading asserted he had been the victim of a homicide); *Cox v. Krpin*, No. 2:18-cv-02523, 2023 WL 8622594 at *5 (E.D. Cal. Dec. 13, 2023) (amended complaint which necessarily introduced new factual allegations to support deliberate indifference claim did not satisfy Rule 15(c)(1)(B)).

Plaintiff's amended complaint also fails to meet the requirements of Rule 15(c)(1)(C)(i) to the extent that it seeks to add new parties.[1] The rule requires Plaintiff to show that the newly added defendants knew or should have known, within the 90 days allowed for service of the original complaint, that this action would have been brought against them but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C)(i); Doc. 134 at 13. Plaintiff argues that "the eight new defendants knew what they were doing and they should therefore not be surprised by the proposed FAC." Doc. 135. But if a new party's mere knowledge that he had participated in an event was sufficient to constitute notice of a claim under Rule 15(c)(1)(C)(i), the rule would be meaningless in most cases. As other courts have recognized, "it is notice of the action, not notice of the incident, that is necessary to meet the requirement of Rule 15(c)(1)(C)(i)." *Armstrong v. Hawaiian Airlines, Inc.*, No. CV 18-00326, 2019 WL 1645192 (D. Haw. Apr.

---

[1] There is a split among courts in this circuit as to whether Rule 15(c)(1)(C) permits the addition of a party, or only the substitution of a party. *See Gallo v. Vivint Solar, Inc.*, No. 5:20-CV-02546, 2021 WL 4988031 at *4 (C.D. Cal. July 19, 2021) ("The plain text of Rule 15(c)(1)(C) permits only *substitution*, not *addition*, of a party."); *but see* 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1498.2 (3d ed. 2023) ("Many courts have liberally construed the rule to find that amendments simply adding or dropping parties, as well as amendments that actually substitute defendants, fall within the ambit of the rule[.]"). The Court need not address this issue because Plaintiff cannot meet the requirements of Rule 15(c)(1)(C) even if addition of parties is permitted.

16, 2019) (citing *Korn v. Royal Caribbean Cruise Lines, Inc.*, 742 F.2d 1397, 1400 (9th Cir. 1984); *Craig v. United States*, 413 F.2d 854, 857-58 (9th Cir. 1969)). Plaintiff does not argue that the new defendants had notice of this action, nor that they acquired such knowledge within the time allowed for service of the original complaint.

In summary, Plaintiff's proposed amendments with respect to Defendant Gordon and the new defendants do not relate back and therefore are barred by the two-year statute of limitations. The Court need not address the parties' other arguments because futility is dispositive. *See Bonin*, 59 F.3d at 845 ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."); *Est. of Strickland v. Nevada Cnty.*, 69 F.4th 614, 623 (9th Cir. 2023) (same).

**IT IS ORDERED** that Plaintiff's motion for leave to amend (Doc. 132) is **denied.**[2]

Dated this 26th day of April, 2024.

David G. Campbell
Senior United States District Judge

---

[2] Plaintiff argues strenuously that Defendant Gordon violated his disclosure obligations by failing to produce to Plaintiff the reports and emails produced to his counsel only recently. Although not relevant to the relation back issue, the Court notes that Plaintiff does not identify a discovery request served by Plaintiff that called for Gordon to produce these documents. Plaintiff instead argues only generally that Gordon was obligated to produce the reports under Rule 26. But the only affirmative disclosure obligation for documents in Rule 26 is the duty to disclose documents Gordon might use in his defense of this case. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii). Plaintiff does not contend that Gordon should have disclosed the reports and emails because they likely will be used in his defense.