**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frederick Angus Miller, Jr., | No. CV-21-1867-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Gordon, | |
| Defendant. | |

After the Court denied Defendant's first motion for summary judgment, the Court found pro bono counsel to represent Plaintiff at trial. Doc. 114. The discovery period had closed months before, but the Court allowed Plaintiff's new counsel to engage in limited additional discovery. Doc. 118. Following this discovery, Plaintiff's counsel filed a motion to amend the complaint, contending that discovery had disclosed a new theory of how Plaintiff was assaulted. Doc. 132. The Court denied the motion to amend as futile because Plaintiff's new claims would have been barred by the statute of limitations. Doc. 137.

As the parties then prepared for trial, Plaintiff's counsel asked the Court to reconsider its denial of the motion to amend and, if not, to allow her to withdraw from the case on undisclosed ethical grounds. Doc. 172. In deciding whether to reconsider, the Court addressed Plaintiff's claim that Defendant failed to disclose documents requested during discovery. The Court found Defendant had not violated its discovery obligations and

declined to revisit its denial of leave to amend. Doc. 183. The Court granted Defendant's request to file a second motion for summary judgment based on alleged admissions made in the motion to amend. Doc. 186. The Court also granted Plaintiff's counsel's motion to withdraw. *Id.*

The Court will now rule on Defendant's second motion for summary judgment. Doc. 191. Plaintiff has filed a pro se response (Doc. 203) and Defendant has replied (Doc. 214). Plaintiff also filed pro se motions to compel (Doc. 197) and for summary judgment (Doc. 212). The Court heard oral argument on all these motions on September 9, 2024 (*see* Doc. 215), and will now deny them and proceed to trial.

## I.     Defendant's Second Motion for Summary Judgment.

Defendant argues that summary judgment should be granted because concessions made in Plaintiff's motion to amend make clear that "Plaintiff's cellmate, Inmate Fabian Cortez-Gastelum . . . was the person who assaulted Plaintiff. There is no evidence that Officer Gordon struck Plaintiff." Doc. 191 at 2.

Plaintiff's motion to amend did seek to add a claim that Plaintiff was assaulted by Cortez-Gastelum at the urging of Defendant Gordon and other prison guards, but the Court denied the amendment, and Plaintiff's original complaint remains the operative pleading in this case. *See Yith v. Johnson*, No. 1:14-cv-01875-LJO-SKO, 2016 WL 1117661, at *3 (E.D. Cal. Mar. 22, 2016) ("Because the Court denied Plaintiffs' motion to amend as futile, the original complaint is the operative complaint in this case."). That complaint alleges that Defendant Gordon struck Plaintiff on the back of the head while escorting Plaintiff back to his cell. Doc. 1 at 3. The questions raised by Defendant's second motion, therefore, are whether Plaintiff continues – and can continue – to claim that Defendant Gordon actually assaulted him, and whether Plaintiff has presented sufficient evidence for a reasonable jury to find in Plaintiff's favor on that claim. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986).

Plaintiff's response to Defendant's motion makes clear that Plaintiff stands by his original account of the assault. His response includes the following:

- Plaintiff states "under penalty of perjury" that his accounts of the assault are true and accurate.  Doc. 203 at 1.
- Plaintiff criticizes Defendant for failing to produce the video from wall-mounted cameras that would have shown Plaintiff's assault by Defendant Gordon.  *Id.* at 3.
- Plaintiff testified in his deposition that Gordon was his attacker.  *Id.* at 5.
- Plaintiff testified that he never made it back to his cell and that the alleged assault by Cortez-Gastelum therefore was "impossible."  *Id.* at 6.
- Plaintiff alleges that after Cortez-Gastelum refused to fight Plaintiff on August 4, 2021, Gordon left his assigned work area to personally assault Plaintiff.  *Id.* at 6.
- Plaintiff alleges that Gordon and Cortez-Gastelum both gave false depositions, and that Cortez-Gastelum did not assault him.  *Id.* at 7.

Plaintiff's statement of facts in support of his response includes similar assertions:

- Plaintiff seeks to impugn the credibility of Gordon and Cortez-Gastelum by asserting their accounts are contradictory.  Doc. 204 at 4.
- Plaintiff again asserts that he testified in his deposition that Gordon was his attacker and he was never assaulted by Cortez-Gastelum.  *Id.* at 5.
- Plaintiff asserts that "Gordon did it himself."  *Id.* at 6.
- Plaintiff asserts that Gordon's account of Plaintiff starting a fight with Cortez-Gastelum could not be true because medical found no injuries to Cortez-Gastelum.  *Id.*

Plaintiff cites to, and in some instances attaches, portions of his deposition, Cortez-Gastelum's deposition, medical records, and various other documents.  *See* Doc. 204.

Thus, Defendant's argument that Plaintiff and Defendant now agree that Plaintiff was assaulted by inmate Cortez-Gastelum is simply not correct.  Plaintiff stands by his original allegation, an allegation he has confirmed under oath in his deposition.  Defendant presents evidence from himself and Cortez-Gastelum that contradicts Plaintiff's account, but if the jury chooses to believe Plaintiff's testimony, it will have a factual and legal basis for ruling in Plaintiff's favor.

To be sure, this is an unusual case. The attorney appointed to represent Plaintiff at trial sought to amend the complaint to assert a different version of the assault. Doc. 135. But the attorney's motion specifically stated that Plaintiff "stands by his original allegations in his Complaint and . . . has neither disavowed nor withdrawn those claims." Doc. 135 at 3. The fact that Plaintiff sought unsuccessfully to amend his complaint does not change what he alleged in the complaint, nor does it eliminate the evidence in his deposition testimony that Gordon assaulted him. A jury, not the Court, must resolve the factual dispute between Plaintiff's and Defendant's evidence. *See Anderson*, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]").

Defendant's reply memorandum makes arguments that were not made in his second motion for summary judgment. First, citing *Truckstop.Net, L.L.C. v. Sprint Commc'ns Co., L.P.*, 537 F. Supp. 2d 1126, 1135 (D. Idaho 2008), Defendant argues that the assertions in Plaintiff's motion to amend are "clear and unequivocal admissions" that are now binding on Plaintiff. Doc. 214 at 3-4. Defendant did not make this argument or cite this case in his second motion for summary judgment, and the Court will not grant summary judgment on the basis of an argument first presented in a reply brief. *Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 (9th Cir. 2007) ("It is well established that issues cannot be raised for the first time in a reply brief.").

What is more, the decision in *Truckstop.Net* would not support summary judgment. That case noted that "[j]udicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Id.* at 1135 (citing *American Title Ins. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)). *Truckstop.Net* denied summary judgment because the alleged admission was "ambiguous" and did not involve the judicial admission rule identified in the *American Title* case. *Id.* As already noted, Plaintiff's motion to amend in this case stated that he "stands by his original allegations in his Complaint and . . . has neither disavowed nor withdrawn those claims." Doc. 135 at 3. This statement is difficult to

square with the thrust of Plaintiff's motion to amend – introducing a new version of the assault – but it also creates ambiguity concerning the nature and intent of the assertions in Plaintiff's motion to amend.  This ambiguity prevents the Court from treating the motion to amend as a clear and unambiguous admission contrary to Plaintiff's complaint.

Second, Defendant's reply brief argues that the Court should apply the "sham affidavit rule" and preclude Plaintiff from relying on the assertions in his response to the second motion.  Doc. 214 at 5.  This argument also was not made in Defendant's second motion for summary judgment, and the Court will not rely on it to grant summary judgment.

Furthermore, the sham affidavit rule would not support summary judgment for Defendant.  "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."  *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (citations omitted).  "This sham affidavit rule prevents a party who has been examined at length on deposition from raising an issue of fact simply by submitting an affidavit contradicting his own prior testimony, which would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact."  *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (quoting *Kennedy*, 952 F.2d at 266).  Because a court is not to weigh conflicting evidence or make credibility determinations on summary judgment, the sham affidavit rule "should be applied with caution."  *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009).  In light of this caution, and the fact that Plaintiff has not contradicted his deposition testimony, plus the fact that his motion to amend was ambiguous on the extent of his admissions, the Court cannot conclude that this an appropriate case for the sham affidavit rule.

Finally, Defendant argues that the Court should grant summary judgment because the evidence is "overwhelmingly in Officer Gordon's favor."  Doc. 214 at 2.  To make this decision, however, the Court would need to weigh the credibility of Plaintiff's deposition

testimony that he was struck by Defendant Gordon. That task belongs to the jury, not the Court.[1]

## II.   Plaintiff's Motions.

Plaintiff's recently-filed motion for summary judgment (Doc. 212) appears to be a second response to Defendant's new motion for summary judgment. Plaintiff asks for a jury trial, not summary judgment. Doc. 212 at 7. Plaintiff makes many of the arguments made in his response to Defendant's motion, again asserting that he was assaulted by Defendant Gordon, not by inmate Cortez-Gastelum. *Id.* at 6. Because Plaintiff does not seek summary judgment, and makes no arguments supporting summary judgment in his favor, the Court will deny his recent motion.

Plaintiff's motion to compel asks the Court to require production of Defendant's entire employment file from the Arizona Department of Corrections. Doc. 197. Defendant responds that Plaintiff requested this file in June 2022, Defendant objected on relevancy grounds, and Plaintiff never raised this issue with the Court. Doc. 205 at 1-2. Defendant further notes that the Court's Scheduling Order established an August 15, 2022 discovery deadline, and stated that "[a]bsent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery." *Id.* at 2 (quoting Doc. 16 at 3-4). Plaintiff has filed no reply in support of the motion to compel.

Because Plaintiff waited more than two years to raise this discovery issue with the Court, it clearly is untimely. Indeed, Plaintiff's counsel did not seek this discovery during the limited additional discovery period allowed by the Court. In addition to being untimely, Plaintiff has not shown extraordinary reasons for raising the issue after the discovery

---

[1] Defendant also contends that Plaintiff's motion to amend admits he cannot remember the assault by Cortez-Gastelum, showing that he has no basis for testifying about how he was injured. Plaintiff's assertion, however, was that he could not recall the events in his cell because he was knocked unconscious, not that he could not recall the events that occurred while being escorted back to his cell by Defendant. Doc. 135 at 3-10. The Court recognizes that the evidentiary issues in this case have been muddied considerably by Plaintiff's motion to amend, and it may well be that a jury elects to believe Defendant Gordon. But this case still presents a credibility contest that cannot be decided by the Court on summary judgment.

deadline as required by the Court's Scheduling Order. The Court will deny Plaintiff's motion to compel.

**IT IS ORDERED:**

1. Defendant's second motion for summary judgment (Doc. 191) is **denied**.

2. Plaintiff's motion to compel (Doc. 197) and motion for summary judgment (Doc. 212) are **denied**.

3. The trial in this case will begin on **December 10, 2024** and will last four days. A final pretrial conference will be held on **November 26, 2024**, at **1:00 p.m.** Many of the pretrial tasks have already been completed in this case. The Court will issue a separate order outlining the steps that need to be completed before the final pretrial conference.

Dated this 9th day of September, 2024.

David G. Campbell
Senior United States District Judge