**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frederick Angus Miller, Jr.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Unknown Gordan,<br><br>　　　　　Defendant. | No. CV-21-1867-PHX-DGC<br><br>**ORDER** |

Plaintiff's former counsel has filed a motion to quash the subpoena served on her by defense counsel. Doc. 225. The Court heard oral argument on December 3, 2024.

**A.　　Background.**

As this case approached trial some time ago, the Court sought counsel for Plaintiff, a pro se litigant who claims he was assaulted by Defendant Gordon, a prison guard.[1] Attorney Lorraine Morey volunteered to represent Plaintiff on a pro bono basis, but asked the Court for limited additional discovery before trial. The Court granted her request. Doc. 118. After receiving the additional discovery, Ms. Morey filed a motion to amend the complaint. Doc. 132. The proposed amendment sought to fundamentally change the theory of the case, from alleging that Defendant Gordon directly assaulted Plaintiff while

---

[1] The Court uses the spelling "Gordon," which Defendant uses, rather than the spelling included in the caption of this case.

escorting Plaintiff back to his cell, to alleging that Plaintiff was assaulted in his cell by his cellmate, inmate Cortez, at the instigation of Defendant Gordon and other guards. Doc. 133-1 at ¶¶ 35, 41-51, 57-58.  The Court denied the motion to amend, finding that it asserted entirely new claims that did not relate back to the filing of the original complaint and were barred by the statute of limitations.  Doc. 137.

Following the Court's ruling, Attorney Morey moved to withdraw from the case, citing ethical concerns.  Doc. 172.  The Court ultimately granted her motion.  Doc. 189. The Court permitted Defendant to file a second motion for summary judgment based on the contents of Plaintiff's motion to amend (Doc. 186), but denied summary judgment after full briefing and oral argument (Doc. 216).

Trial again approaches, and defense counsel has served a subpoena on Ms. Morey, calling for her to testify at trial about her communications with Plaintiff.  Doc. 224.  Ms. Morey's motion to quash the subpoena, which she has filed in conformance with relevant ethical rules, argues that her testimony would violate Arizona Rule of Professional Ethics 1.6 ("ER 1.6") and the attorney-client privilege.  Doc. 225.

Defendant argues in response that Plaintiff's proposed amendment to the complaint contradicts the version of events he will present at trial and the jury should be informed of Plaintiff's shifting positions.  Doc. 229.  Defendant also wants the jury to see statements in the motion to amend suggesting that Plaintiff was knocked unconscious during the assault and cannot recall what happened – suggestions that would undermine his claim that he recalls Gordon assaulting him.  If this evidence is presented, Defendant believes Plaintiff will testify in response that he never authorized Ms. Morey to file the motion to amend and never agreed with its assertion that he was assaulted by inmate Cortez.  If Plaintiff so testifies, Defendant wants Ms. Morey to testify about their conversations.

Defendant bases his belief about Plaintiff's likely trial testimony on the following statements made by Plaintiff at a status conference with the Court:

> MR. MILLER: I have never stated that Inmate Cortez assaulted me. I got into a heated discussion with my attorney because she told me – she said, Mr. Miller, I know more than you. I'm an attorney. I'm following the

2

> evidence. And I told her, I said, Ms. Lorraine, the evidence that you are following is fabricated and I can prove that.
>
> . . .
>
> I never for once said that anyone assaulted me other than Mr. Gordon. My attorney took the information that they gave her and we had an argument about that and I told her don't do that but she did anyway. So I didn't know that she was allowed to do that and it was – it was said the way it was said. I never said that. And we can ask my attorney. I never said that to her. She told me she was following the evidence and she was smarter than me. I never changed anything. She the one that did that. My attorney did that, Your Honor.
>
> . . .
>
> That's what made her – that's what made Ms. Lorraine Morey file the amended complaint. I didn't know nothing about that. And I never told her to file that, but she did it on her own, as she told me that she know better than me and she's my attorney.

*Id.* at 4 (citing transcript dated September 9, 2024, at 9-10, 26).

Defendant argues that Plaintiff has waived the attorney-client privilege and the protections of ER 1.6 by making these claims about his conversations with Ms. Morey. *Id.* at 2. If Plaintiff repeats these claims at trial, Defendant argues he should in fairness be permitted to obtain Ms. Morey's version of the events. Defendant asks that the motion to quash be denied so that he will have Ms. Morey's testimony if needed.

The issues presented by the motion to quash are somewhat premature. The Court has not yet ruled that the motion to amend will be admissible at trial, and Plaintiff has not yet taken the witness stand and testified the way Defendant believes he will. And yet Ms. Morey raises important issues about the attorney-client privilege and ER 1.6 that deserve careful consideration. The Court concludes that it should identify the relevant law that will apply if this issue becomes ripe, without deciding at this point whether Ms. Morey will be required to testify. Such an order will help the Court, the parties (including Plaintiff's new

counsel, if one is secured before trial[2]), and Ms. Morey address this issue thoroughly if the motion to amend is admissible and Plaintiff testifies consistently with his statements at the status conference. Before making a final decision on this issue, the Court will permit the parties to provide any additional authority or argument they wish to present.

### B. Relevant Law.

Courts have long held that a litigant may waive the attorney-client privilege by placing attorney-client communications at issue in the litigation. *See Hunt v. Blackburn,* 128 U.S. 464, 470-71 (1888) ("When Mrs. Blackburn entered upon a line of defence which involved what transpired between herself and [her lawyer], and respecting which she testified, she waived her right to object to his giving his own account of the matter."); *see also United States v. Amlani,* 169 F.3d 1189, 1196 (9th Cir. 1999); *Chevron Corp. v. Pennzoil Co.,* 974 F.2d 1156, 1162 (9th Cir. 1992); 3 Weinstein's Federal Evidence § 503.41 (2024) ("In general, the privilege may be found to have been waived by implication when a party takes a position in litigation that makes it unfair to protect that party's attorney-client communications."). Thus, as the Ninth Circuit explained in an *en banc* opinion: "parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials. The party asserting the claim is said to have implicitly waived the privilege." *Bittaker v. Woodford*, 331 F.3d 715, 718–19 (9th Cir. 2003). "[C]ourts and commentators have come to identify this simple rule as the fairness principle." *Id*. at 719. It applies "when a party takes a position in litigation that makes it unfair to protect that party's attorney-client communications." *Id*. (quotation marks and citation omitted).

The Ninth Circuit recognizes some important limitations on this waiver rule. First, "[t]he court imposing the waiver does not order disclosure of the materials categorically; rather, the court directs the party holding the privilege to produce the privileged materials *if* it wishes to go forward with its claims implicating them." *Id.* at 720 (emphasis in

---

[2] The Court currently is seeking pro bono counsel to represent Plaintiff at trial, but has told the parties that trial will proceed even if counsel cannot be located.

4

original). The court thereby gives the holder of the privilege a choice: "If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent a fair opportunity to defend against it." *Id.* "Essentially, the court is striking a bargain with the holder of the privilege by letting him know how much of the privilege he must waive in order to proceed with his claim." *Id.*

Second, "the court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *Id.* Thus, if Ms. Morey is required to testify, her testimony will be limited to the specific points fairness demands; she will not be asked broad or wide-ranging questions about her representation of or communications with Plaintiff. Defense counsel agreed with this narrow approach at the hearing.

The parties cite no cases on whether the protections of ER 1.6 can be waived in the same way as the attorney-client privilege. The Court invites the parties to provide such cases before a final ruling on this issue.

The Court has found some helpful sources. In Formal Opinion 10-456, the ABA Standing Committee on Ethics and Professional Responsibility addressed whether a client's claim of ineffective assistance of counsel permits the former attorney to disclose information otherwise protected by the attorney-client privilege and ER 1.6. The committee concluded that "[a] client's express or implied waiver of the attorney-client privilege has the legal effect of forgoing the right to bar disclosure of the client's prior confidential communications in a judicial or similar proceeding."[3] ABA Comm. on Ethics & Pro. Resp., Formal Op. 10-456 (2010). At least one court case has reached the same conclusion in an ineffective assistance case. *See Jordan v. United States*, 552 F.Supp.3d 575, 577-78 (S.D. W.Va. 2021) ("the Court finds that trial counsel in this case may, without violating the applicable Rules of Professional Conduct, disclose information in this proceeding regarding their communications with Movant to the extent reasonably

---

[3] The Committee clarified, however, that the client's waiver does not permit disclosure of confidential information outside a court proceeding: "Standing alone, however, it does not constitute 'informed consent' to the lawyer's voluntary disclosure of client information outside such a proceeding." ABA Comm. on Ethics & Pro. Resp., Formal Op. 10-456 (2010).

5

necessary to comply with an order of this Court, or to respond to the allegations of ineffective representation.").

While this not an ineffective assistance case, the circumstances are similar. Plaintiff has injected his communications with counsel into the case, asserting that she disregarded his directions and filed the motion to amend over his objection. Defendant in fairness should be permitted to question Ms. Morey about the communications Plaintiff has put in issue, assuming he does so again at trial.

Further, ER 1.6(d)(5) requires a lawyer to comply with a final court order "directing the lawyer to disclose such information." Ariz. R. Sup. Ct. 42, ER 1.16(d)(5). And the comment to ER 1.6 states that "[o]ther law may require that a lawyer disclose information about a client." Ariz. R. Sup. Ct. 42, ER 1.16, cmt. 14 (2003). The Court finds that *Bittaker* constitutes such "other law."

The limitations identified by the Ninth Circuit in *Bittaker* should apply when considering the protections of ER 1.6. Ms. Morey will be required to testify only if Plaintiff elects at trial to put the attorney-client conversations in issue, and any waiver will be narrowly limited to the points necessary to eliminate unfairness to Defendant.

With this preliminary guidance in place, the Court will reserve ruling on Ms. Morey's motion to quash until trial. The parties should be prepared to address this issue at the final pretrial conference which will be scheduled at the hearing on January 16, 2025.

Dated this 12th day of December, 2024.

David G. Campbell
Senior United States District Judge